UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 24-60947-CIV-SMITH/HUNT

TIMOTHY W. CARNAHAN,

        Plaintiff,

vs.

SECURITIES AND EXCHANGE
COMMISSION, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATIONS

THIS CAUSE is before this Court on Defendants' Motions to Dismiss Second Amended Complaint. ECF Nos. 34; 42. The Honorable Rodney Smith, United States District Judge, referred these Motions to the undersigned United States Magistrate Judge for appropriate rulings. ECF No. 45; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough and careful review of the Motions, Responses, Replies, the applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that the Motions be GRANTED for the reasons below.

## BACKGROUND

The factual backdrop of this dispute is Plaintiff Timothy W. Carnahan's administrative proceedings in front of the Defendant Securities and Exchange Commission ("SEC" or "the Commission").[1] ECF No. 25. According to the Second

---

[1] This is not Plaintiff's first suit in federal court. Related facts underlying the SEC proceeding are set out in *Carnahan v. SEC*, No. 20-60386-CIV-ALTMAN/BRANNON, 2020 WL 1166721, at *1 (S.D. Fla. Mar. 11, 2020). Similarly to the present case, in that

Amended Complaint, in 2014, various SEC investigators—including Defendants David King,[2] Margaret McGuire, David Peavler, and David Woodcock (collectively, "Individual Defendants")—opened an investigation against Plaintiff.  *Id.*  Allegedly, the Individual Defendants "knowingly misrepresented or altered" Plaintiff's Form 10-K filing during the investigation.  *Id*. at 2.  On January 31, 2020, an Administrative Law Judge (ALJ) for the SEC "acknowledged a potential discrepancy between the SEC's characterization of Plaintiff's 10K statement and the actual language used in the filing."  *Id.*  Ultimately, the SEC dismissed the case.[3]  *Id.*

On June 4, 2024, Plaintiff filed this action against the SEC, asserting that it violated his constitutional rights.  ECF No. 1.  Soon after filing, this Court dismissed the First Amended Complaint, ECF No. 5, on shotgun pleading and immunity grounds.  ECF No. 23.  Thereafter, Plaintiff filed the Second Amended Complaint, ECF No. 25, alleging that (1) the Individual Defendants and SEC Commissioners violated Plaintiff's due process rights; (2) the SEC violated Plaintiff's Seventh Amendment right to a jury trial; (3) the Individual Defendants caused Plaintiff "reputational harm," and (4) Plaintiff is entitled to

---

matter, Plaintiff alleged that the SEC violated his due process rights.  *See id.* at *3.  This Court dismissed that suit for lack of subject matter jurisdiction because Plaintiff had not exhausted his administrative remedies.  Further, this Court stated that any claim for judicial review must be filed in the Eleventh Circuit Court of Appeals.  *See id.* at *4.

[2] Counsel for Defendants has informed the Court that Mr. King passed away in 2017. ECF No. 42 n.1.

[3] There was at least one initial decision issued by an ALJ in Plaintiff's administrative proceedings.  *See In the Matter of Traci J. Anderson, CPA, Timothy W. Carnahan, & CYIOS Corp.*, Release No. 930, 2015 WL 9297356 (Dec. 21, 2015).  But no initial decision was adopted as final, so there was no final merits adjudication in this investigation.  *See Pending Admin. Proceedings*, Exchange Act Release No. 97640, 2023 WL 3790795 (June 2, 2023).

injunctive relief against the SEC.[4]  *Id.*  Plaintiff seeks a declaration that the SEC violated his rights, compensatory and punitive damages against the Individual Defendants, injunctive relief against the SEC to "correct the public record and clear Plaintiff's name," costs and fees, and other equitable relief.  *Id.*  The SEC and the Individual Defendants (collectively, "Defendants") both filed Motions to Dismiss.  ECF Nos. 34; 42.

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "To meet this 'plausibility standard,' a plaintiff must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Arias v. Integon Nat'l Ins. Co.*, No. 18-22508-CIV-ALTONAGA/GOODMAN, 2018 WL 4407624, at *2–3 (S.D. Fla. Sep. 17, 2018) (quoting *Iqbal*, 556 U.S. at 678).  In considering a motion to dismiss, "the complaint must be construed in a light most favorable to the plaintiff and the factual allegations taken as true." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).  Unsupported allegations and conclusions of law, however, will not benefit from this favorable reading.  *See Iqbal*, 556 U.S. at 679.

---

[4] Because the first two counts for relief are based on constitutional violations, the undersigned construes them as *Bivens* claims.  Though "reputational harm" is listed as an independent count, the undersigned reads it as alleged damages resulting from the constitutional violations, as Plaintiff has not alleged sufficient facts to support an independent cause of action for defamation.  *See Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1250 (S.D. Fla. 2014).  As to the fourth count, "[i]njunctive relief . . . is a remedy, not a separate cause of action." *Exum v. Nat'l Tire & Battery*, 437 F. Supp. 3d 1141, 1158 (S.D. Fla. 2020).

### A. *Pro se* pleadings

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation omitted). Still, a *pro se* litigant must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *see also Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993) ("[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it.").

## DISCUSSION

Defendants assert that dismissal of the Second Amended Complaint is warranted on multiple grounds. All Defendants primarily argue that the Second Amended Complaint is an impermissible shotgun pleading. The SEC argues, as an additional ground, that the Court lacks subject matter jurisdiction over Plaintiff's claims. ECF No. 34 at 7–9. As to the Individual Defendants, they argue that no *Bivens*[5] remedy is available here, they are entitled to absolute or qualified immunity, and that Plaintiff's claims are barred by a District of Columbia statute of limitations. Even when construing the Second Amended Complaint in the light most favorable to Plaintiff and accepting his factual allegations as true, *see Brooks*, 116 F.3d at 1369, the undersigned concludes that dismissal is warranted.

### A. Shotgun Pleading

The Federal Rules of Civil Procedure set forth basic pleading standards. A complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Also, a complaint must

---

[5] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

4

"state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10.

So-called "shotgun pleadings" are "[c]omplaints that violate either Rule 8(a)(2) or Rule 10(b), or both." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has described them as follows:

> Shotgun pleadings are characterized by: (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4) [combining] multiple claims against multiple defendants without specifying which defendant is responsible for which act. Shotgun pleadings violate Rule 8(a)(2)'s short and plain statement requirement by failing to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*McDonough v. City of Homestead*, 771 F. App'x. 952, 955 (11th Cir. 2019) (cleaned up).

Here, the Second Amended Complaint exhibits the flaws of the first, second, and fourth types of shotgun pleadings. It repeatedly adopts the same facts into each count alleged, making it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 366 (11th Cir. 1996). The Second Amended Complaint fails to specify which Individual Defendant took each alleged action; instead, it makes general accusations of collective wrongdoing. Further, much of the Second Amended Complaint is not delineated into numbered paragraphs. Although the Second Amended Complaint is more intelligible than the first two Complaints, ECF Nos. 1; 5, Plaintiff has ultimately failed to conform his pleading to the Federal Rules of Civil Procedure. *See Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 772 (11th Cir. 2020) (upholding dismissal of amended complaint because it was noncompliant with procedural rules and court order). Plaintiff has not given Defendants

5

"adequate notice of the claims against them and the grounds upon which each claim rests," *Weiland*, 792 F.3d at 1323, so dismissal is justified on this ground alone.

### B. Lack of Subject Matter Jurisdiction

As alternative grounds for dismissal, the SEC argues that the Court lacks subject matter jurisdiction. ECF No. 34 at 7–9. A federal district court obtains subject matter jurisdiction when it has jurisdiction under a specific statutory grant or federal question pursuant to 28 U.S.C. § 1331, or when jurisdiction is based on diversity of citizenship between parties pursuant to 28 U.S.C. § 1332(a). *See Welch v. Atmore Cmty. Hosp.*, 704 F. App'x 813, 815 (11th Cir. 2017). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "When a defendant files a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, the plaintiff, as the party invoking the authority of a federal court to seek relief, bears the burden of establishing jurisdiction." *Scott v. IRS*, No. 24-24123-CIV-ALTONAGA/REID, 2025 WL 1179479, at *2 (S.D. Fla. Jan. 31, 2025).

#### 1. Grounds for Federal Jurisdiction

As an initial matter, Plaintiff's basis for federal jurisdiction is unclear. The SEC points out that the Second Amended Complaint lacks "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Though Plaintiff clarified in a Response pleading that he intended to invoke federal question jurisdiction under 28 U.S.C. § 1331 and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, that jurisdictional language is absent from the four corners of the Second Amended Complaint. *See* ECF No. 36 at 2. Dismissal is justified "[w]here, as here, a Complaint falls short of

pointing the Court towards a specific statutory grant, a federal question, or diversity jurisdiction." *Higgins v. APD-Pers. with Disabilities*, No. 22-22440-CIV-WILLIAMS, 2023 WL 6418172, at *2 (S.D. Fla. Sep. 15, 2023), *appeal dismissed*, No. 23-13202-E, 2023 WL 10509795 (11th Cir. Dec. 26, 2023).

### 2. Sovereign Immunity for the SEC

"The United States and its agencies are immune from suit unless Congress 'unequivocally' waives that immunity by statute." *Stone v. Comm'r*, 86 F.4th 1320, 1327 (11th Cir. 2023) (citing *Lehman v. Nakshian*, 453 U.S. 156, 160-62 (1981)). "If there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit." *Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015). Thus, absent a statutory waiver, the SEC is immune from suit.

In this case, Plaintiff appears to be asserting claims under the APA, which includes an express waiver of sovereign immunity for judicial review of final agency actions. *See* 5 U.S.C. § 702. To the extent that Plaintiff seeks judicial review of the SEC's decision to dismiss his suit (or any of the other agency actions alleged), this Court lacks jurisdiction because Congress designated the federal courts of appeals as the appropriate forum for that claim. *See* 15 U.S.C. § 78y ("A person aggrieved by a final order of the Commission entered pursuant to this chapter may obtain review of the order in the United States Court of Appeals for the circuit in which he resides or has his principal place of business."); 15 U.S.C. § 77i(a) (same). This Court, therefore, is the wrong forum. *Cf. Zipper v. SEC*, No. 24-21060-CIV-RUIZ, 2024 WL 1332023, at *1 (S.D. Fla. Mar. 28, 2024) (dismissing complaint because Courts of Appeal have "exclusive jurisdiction" to review mandamus

action against SEC). Furthermore, Plaintiff cannot "bypass the Exchange Act's review scheme by filing a collateral lawsuit in federal district court challenging the administrative proceedings on constitutional grounds," *Gibson v. SEC*, 795 F. App'x. 753, 756 (11th Cir. 2019) (citation omitted), as this suit does not present any "structural constitutional claims" that necessitate immediate review, *Axon Enter., Inc. v. Fed. Trade Comm'n*, 598 U.S. 175, 191 (2023).[6]

Based on Plaintiff's failure to identify any applicable waiver of sovereign immunity, the undersigned reaches the same conclusion that the Court drew in a previous Order: "the Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims against the SEC." ECF No. 23. *See Standifer v. SEC*, 542 F. Supp. 2d 1312, 1318 (N.D. Ga. 2008).

### 3. Federal Question Jurisdiction for the Individual Defendants

As to the *Bivens* claims brought against the Individual Defendants, there is federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See Hencle v. Ditech Fin.*, No. 21-60737-CIV-DIMITROULEAS, 2021 WL 1397882, at *3 (S.D. Fla. Apr. 13, 2021). Although the Second Amended Complaint does not state whether the *Bivens* claims are brought against the Individual Defendants in their individual or official capacities, we liberally construe the *pro se* pleading in Plaintiff's favor. *See Nalls v. Coleman Low Fed. Inst.*, 307 F. App'x. 296, 298 (11th Cir. 2009).

Accordingly, the undersigned recommends finding that subject matter jurisdiction is lacking for all claims except for *Bivens* claims brought against the Individual Defendants. The surviving *Bivens* claims fail for other reasons, as explained below.

---

[6] To the extent that Plaintiff intended to bring a *Bivens* claim against the SEC, that would fail because "[a]n extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself." *FDIC v. Meyer*, 510 U.S. 471, 486 (1994).

### C. Failure to State a Claim

A defendant may move to dismiss based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may dismiss a complaint for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citation omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Grant v. Wachovia Mortg., FSB*, No. 09-60520-CIV-COHN, 2009 WL 1457038, at *1 (S.D. Fla. May 22, 2009) (quoting *Twombly*, 550 U.S. at 555).

Plaintiff appears to bring a *Bivens* claim against the Individual Defendants for violating his Fifth Amendment due process right and Seventh Amendment right to a jury trial. *See generally* ECF No. 25. The Individual Defendants argue that a *Bivens* remedy is unavailable here. After careful consideration, the undersigned agrees.

In *Bivens*, the Supreme Court "recognized an implied cause of action for damages against federal officers for certain alleged violations of the Fourth Amendment." *Goldey v. Fields*, 606 U.S. 942, 942 (2025). The Supreme Court later recognized *Bivens* causes of action under the Fifth Amendment in *Davis v. Passman*, 442 U.S. 228 (1979) (allowing former congressional staff member to seek damages against U.S. congressman for unlawful sex discrimination), and the Eighth Amendment in *Carlson v. Green*, 446 U.S. 14 (1980) (allowing mother of deceased prisoner to sue federal correctional officers who failed to administer life-saving asthma treatment). Since those three *Bivens* cases, the

9

Supreme Court "has declined more than 10 times to extend *Bivens* to cover other constitutional violations," reasoning that "'in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts.'" *Goldey*, 606 U.S. at 942–43 (quoting *Egbert v. Boule*, 596 U.S. 482, 486 (2022)).

With that said, a claim may be actionable under *Bivens* if it passes a two-step inquiry:

> First, we ask whether the case presents a new *Bivens* context—*i.e.*, is it meaningfully different from the three cases in which the Court has implied a damages action. Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are special factors indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed.

*Egbert*, 596 U.S. at 492 (cleaned up). More often than not, these two steps "resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id*. This is because "a new context arises when there are 'potential special factors that previous *Bivens* cases did not consider.'" *Id.* (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 140 (2017)).

Several factors indicate that this case arises in a new *Bivens* context. To start, "our Defendants—the [SEC] and its [investigative] officers—are an entirely different category from the defendants in the three *Bivens* cases." *Williams v. U.S. Citizenship & Immigr. Servs.*, No. 23-61124-CIV-ALTMAN/HUNT, 2024 WL 5200988, at *7 (S.D. Fla. Dec. 23, 2024) (recognizing that immigration officers are different from FBI agents in *Bivens*, congressmen in *Davis*, and prison officials in *Carlson*), *appeal dismissed sub nom. Williams v. United States Citizenship & Immigr. Servs.*, No. 25-10592-GG, 2025 WL 2406339 (11th Cir. July 10, 2025). In addition, because one claim arises under the Seventh Amendment, it "implicates a different constitutional right." *Ziglar*, 582 U.S. at

10

148. More importantly, the harm alleged here is less grave than the harms contemplated in *Bivens*, *Davis*, or *Carlson*.  In this case, Plaintiff is suing for money damages based on the Individual Defendants misrepresenting his 10-K filing in a SEC investigation that was *dismissed*.  The Supreme Court previously fashioned *Bivens* remedies to "provide a cause of action for a plaintiff who lacked *any alternative remedy* for harms caused by an individual officer's unconstitutional conduct." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001).  Here, because there were no penalties, sanctions, or final adverse rulings issued against Plaintiff, resultant harms from the misrepresentation are likely negligible.

In this new *Bivens* context, there are several "special factors counselling hesitation." *Ziglar*, 582 U.S. at 12.  Foremost is that "a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure,'" such as Plaintiff's options for administrative review in the SEC and, later, in the Eleventh Circuit Court of Appeals.  *Egbert,* 596 U.S. at 483 (citation omitted); *see also Vega v. United States*, 881 F.3d 1146, 1154 (9th Cir. 2018) (declining to extend *Bivens* where plaintiff "had alternative means for relief").  Besides, as Congress heavily regulates the actions of the SEC, its officials, and its investigations, "legislative action by Congress indicates that Congress did not intend for a damages remedy in cases such as this one." *Williams v. Cheatham*, 548 F. Supp. 3d 1174, 1180 (M.D. Fla. 2021); *see Ciliezar v. Withers*, No: 5:25-cv-371-WFJ-PRL, 2025 WL 2986650, at *3 (M.D. Fla. Oct. 23, 2025) (declining to fashion *Bivens* remedy against federal correctional officers because of Congress's activity in regulating prisoner's rights).

Recognizing a *Bivens* remedy would be inappropriate here.  *See Schweiker v. Chilicky*, 487 U.S. 412, 429 (1988) (declining to recognize *Bivens* action for due process

11

violations resulting from denial of Social Security benefits). This supports dismissal of Plaintiff's *Bivens* claims, leaving no actionable claim before this Court.

Based on the foregoing reasons, the undersigned recommends dismissal. Given that Plaintiff's claims fail on the merits, the Court need not address Defendants' arguments regarding absolute and qualified immunity for the Individual Defendants, *see Butz v. Economou*, 438 U.S. 478, 515 (1978), or the applicability of a statute of limitations, D.C. Code § 12-301(8).

### D. Leave to Amend

Defendants request that this Court dismiss the Second Amended Complaint with prejudice. "District courts 'have broad discretion in permitting or refusing to grant leave to amend.'" *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Where, as here, a plaintiff has already been afforded an opportunity to amend and that amended complaint was properly dismissed, a district court judge could determine that allowing further leave to amend would be "futile." *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1262 (11th Cir. 2004). Plaintiff's Second Amended Complaint suffers from many of the same deficiencies as the initial Complaint, ECF No. 1, and the First Amended Complaint, ECF No. 5. Some of those deficiencies, such as lack of subject matter jurisdiction for claims against the SEC, are more than simple pleading defects, and they are unlikely to be overcome through simple amendments. Thus, the undersigned concludes that granting further leave to amend would be futile and recommends dismissal with prejudice. *See Garcia v. Am. Fed'n of State*, No. 18-20715-CIV-GAYLES, 2020 WL 7699680, at *1 (S.D. Fla. Dec. 28, 2020) (dismissing with prejudice based on repeated failure to cure defects).

## RECOMMENDATIONS

For the reasons set forth above, the undersigned hereby RECOMMENDS that Defendants' Motions to Dismiss, ECF No. 34; 42, be GRANTED, and the Second Amended Complaint, ECF No. 25, be DISMISSED with prejudice.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 14th day of November 2025.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

All Counsel of Record

Timothy W. Carnahan
2637 East Atlantic Blvd.
#1324
Pompano Beach, FL 33062